### AMERICAN TITLE CO. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 5482.

Circuit Court of Appeals, Third Circuit.

March 12, 1935.

Brown & Williams and Ira J. Williams, all of Philadelphia, Pa., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Edward H. Horton, both of Washington, D. C., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

This case is here on the taxpayer's petition to review a decision of the United States Board of Tax Appeals sustaining and enlarging a deficiency tax assessed against it by the Commissioner of Internal Revenue. There are two questions:

1. Whether premiums paid a title insurance company for policies guaranteeing titles are earned when paid and constitute taxable income within the meaning of section 204 of the Revenue Act of 1928 (45 Stat. 791, 844 [26 USCA § 2204]).

2. Whether reserves set up by a title insurance company under the laws of Pennsylvania (Act April 26, 1929, P. L. 834 [40 PS Pa. §§ 151–159]) constitute allowable deductions from gross income under the provisions of the same section of the Revenue Act of 1928.

The questions arose out of these facts:

A trust company, engaged in a trust and title insurance business, was absorbed by a national bank. National banks are not authorized to conduct title insurance business. To continue this branch of the business a new title company (the petitioner) was organized whose sole function was to insure persons interested in real estate from loss by reason of defective titles, liens, and encumbrances. The national bank paid the new title company $25,000 "as a premium or fee" in consideration of the assumption by it of all liability on the $36,000,000 outstanding policies issued by the trust company and tentatively assumed by the bank, whereupon the new title company, the petitioner, took over the outstanding policies. This premium together with a percentage of premiums it had received on new title insurance business during the taxable year,

the petitioner set up as a reserve fund for the protection of policyholders as required by the law of Pennsylvania and deducted it from gross income in its federal tax return. The Board held that the entire reserve thus constituted was taxable income.

Confessedly, whether the premium of $25,000 and premiums on new business were taxable income within the taxable year depends on whether they were "premiums earned." The petitioner says that in the business of insuring titles, premiums are not earned when received, indeed, are "not earned at all, and never can be earned until the last outstanding policy of the company has died," which is the same as saying that federal taxes on premiums of title insurance cannot be assessed until the policies are extinct. In view of the character of insurance against bad titles and encumbrances, policies (except by limitation in their terms) never expire where titles are good and there are no encumbrances, and therefore, on the petitioner's theory, taxes can never be lawfully assessed against and can never be collected on the premiums. In addition, the law of Pennsylvania requires that 10 per cent. of premiums received on policies of insurance shall be placed in reserve. The petitioner contends that this requirement of state law prevents federal taxation of premiums so placed in reserve and accordingly authorizes its act in this instance of deducting them from gross income and justifies its escape from taxation.

■ It should be observed that the federal statute in question deals with taxation of three kinds of insurance companies: (1) Life insurance companies; (2) insurance companies other than life or mutual; and (3) mutual insurance companies other than life, distinguishing them in the general scheme of taxation from companies in other businesses and giving them, because of the peculiar character of their business, separate places with different tax liabilities and deductions. The petitioner in this case comes within the class of insurance companies "other than life or mutual" and its rights and liabilities are strictly limited to what the statute says in respect to companies of that class. The statute imposes upon them a tax on net income earned, reckoned on certain deductions from gross income in respect to earned and unearned premiums, returned premiums and premiums paid for reinsurance. It gives such companies no right to deduct reserves required by state law from gross income for federal tax purposes nor does it define the income of such companies in the form of premiums for title insurance as income not earned. Therefore the statute in the latter respect must be construed.

■■ The Board of Tax Appeals, in construing the statute that premiums for title insurance are earned when received and in refusing deduction of state reserves from gross income, arrived, in our judgment, at correct conclusions upon reasoning which we approve. 29 B. T. A. 479.

Therefore the order of the Board of Tax Appeals is, on its own findings of fact and opinion, affirmed.