PHILADELPHIA TITLE INSURANCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25942. Promulgated December 29, 1951.

*Herman H. Greenberg, Esq.,* for the petitioner.
*Lester H. Salter, Esq.,* for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies of $1,899.14 in income tax and $2,970.35 in excess profits tax for 1945, and a deficiency in income tax of $7,075.38 for 1946. The issues for decision are whether amounts credited in each year to a reserve for reinsurance are properly a part of income and whether the petitioner may deduct on an accrual basis or only on a cash basis Pennsylvania stock taxes imposed upon its shareholders but paid by the petitioner.

The petitioner was incorporated on February 7, 1945, under the laws of Pennsylvania. The Pennsylvania Insurance Commissioner, on March 29, 1945, authorized it to transact title insurance business and it actually commenced business on April 4, 1945.

The petitioner filed its returns for the taxable years with the collector of internal revenue for the first district of Pennsylvania. The returns were made on an accrual basis of accounting.

The petitioner insures owners of real estate, mortgagees, and others interested in real property from loss by reason of defective titles,

liens, and encumbrances. Its liability on its outstanding policies is not terminable under the provisions of the policies themselves.

The laws of Pennsylvania, Act of May 17, 1921, P. L. 682, as added by the Act of July 1, 1937, P. L. 2540, provide, *inter alia*, that: a title insurance company shall establish and maintain a reinsurance reserve fund by setting aside a sum equal to 10 per centum of the premium paid on each policy issued until the total sum set aside (including any reserve heretofore set up under any prior act of Assembly) shall equal a sum of $250,000; thereafter, the percentage set aside is 5 per cent until the reserve reaches $500,000; the total reserve fund may be set aside at any time out of surplus or undivided profits; the company may withdraw the reserve on a cancelled policy; the company shall also maintain a reserve for unpaid losses; the company retains the custody of its reserve funds, but shall ear-mark them and keep them separate from other assets of the company; the supervision of the funds shall be under the Insurance Commissioner; the funds shall be invested by the company in investments authorized by law for such funds; the income from the reserve funds shall become a part of the general assets of the company; and, the principal of the reserve funds shall be a trust for the protection of the policy holders and shall be applied only for their benefit.

The purpose of the reserve fund is to provide the Insurance Commissioner with sufficient funds to purchase reinsurance to cover all outstanding policies in case the company goes out of existence.

The petitioner, during the taxable years, was setting aside a sum equal to 10 per cent of the premiums which it received. The amount set aside in 1945 was $5,347.30 and the amount for 1946 was $16,747.73. It placed those funds in the account designated "Legal Re-insurance Reserve." It invested part of those funds. It took the securities in the name of "PHILADELPHIA TITLE INSURANCE COMPANY, in Trust for its Legal Re-insurance Reserve." Amounts equal to the additions to the reserve were excluded from gross income on the returns.

The petitioner accrued and took a deduction on its returns for Pennsylvania shares tax. The amounts were $1,500 for 1945 and $2,400 for 1946. It actually paid in 1946 Pennsylvania share taxes for 1945 in the amount of $1,656.46 and it actually paid in 1947 similar taxes for 1946 in the amount of $2,376.68.

The Commissioner, in determining the deficiencies, increased income for each year by the amount which the petitioner had credited to its "Legal Re-insurance Reserve," explaining that they were taxable income from premiums and should have been included in gross income.

He disallowed the deduction of $1,500 claimed on the 1945 return on account of the Pennsylvania shares tax and for 1946 allowed a deduction of $1,656.46, the 1945 tax paid in 1946, and disallowed the remainder of the deduction of $2,400 claimed.

It was held in *American Title Co.*, 29 B. T. A. 479, affd. 76 F. 2d 332, that the entire amount of premiums paid a title insurance company for policies guaranteeing titles are earned when paid and constitute taxable income, and reserves set up by a title insurance company under the laws of Pennsylvania do not constitute allowable deductions from gross income. It is not claimed that the pertinent provisions of the Internal Revenue Code applicable to the present case are different from those applicable to the *American Title Co.* case, but the petitioner argues that the provisions of the laws of Pennsylvania applicable to the reserve of the present petitioner are different from those which were applicable to the reserves of American Title Company, also a Pennsylvania corporation. The petitioner, however, has failed to point out any difference in the laws of Pennsylvania which would distinguish the cases and the Court sees none. Therefore, following the cited case, decision on the first issue is against the petitioner.

The next issue is a narrow one. The Commissioner's position is that taxes on shares imposed on the shareholders but paid by the corporation are deductible by the corporation only when paid or, to state it differently, that an accrual-taxpayer corporation can not accrue such taxes under any circumstances but must deduct them only on a cash basis in the year in which paid. Section 23 (d) provides: "The deduction for taxes allowed by subsection (c) shall be allowed to a corporation in the case of taxes imposed upon a shareholder of the corporation upon his interest as shareholder which are paid by the corporation without reimbursement from the shareholder * * *." The Commissioner is not arguing that the taxes here in question were not paid by the corporation without reimbursement by the shareholder. That being the case, (d) provides that the deduction for taxes allowed by subsection (c) shall be allowed the corporation. The deduction allowed by subsection (c) is "taxes paid or accrued within the taxable year * * *." The stipulation shows that this taxpayer was using an accrual method and it accrued these taxes. A deduction under an accrual method of accounting and reporting does not have to await payment. Therefore, since it is to have the deduction allowed by section 23 (c), it gets the deduction on an accrual basis.

*Decision will be entered under Rule 50.*