**COLORADO TITLE GUARANTY CO., a Colorado corporation, Plaintiff,**

v.

**George H. ALLAN, as District Director of Internal Revenue, Defendant.**

**Civ. No. 6831.**

United States District Court
D. Colorado.

Nov. 8, 1962.

F. T. Henry and Louis Johnson, Colorado Springs, Colo., for plaintiff.

Lawrence M. Henry, U. S. Atty., Denver, Colo., and Burton A. Schwalb, Atty., Dept. of Justice, Washington, D. C., for defendant.

CHILSON, District Judge.

This matter is before the Court on defendant's motion for a summary judgment.

The parties have entered into a stipulation of certain facts and in addition, the plaintiff has filed a "Statement by the Plaintiff of Facts It Intends to Prove at Trial". The defendant, for the purposes of the motion for summary judgment, admits the facts set forth in plaintiff's statement. In other words, there is before the Court an agreed statement of facts for the purposes of the determination of the defendant's motion.

It appears to the Court that these facts are sufficient for a disposition of the determinative issue in this case, and the Court finds that there is no genuine issue as to any material fact.

The motion has been submitted to the Court upon written briefs and the Court is now duly advised.

The pertinent undisputed facts are:

The plaintiff is a Colorado corporation organized on July 1, 1955, and since that time has been engaged in carrying on a title insurance business. The plaintiff, in computing its taxable income for the first year of its corporate existence, deducted from its gross premiums received the sum of $13,113 as a reserve for future losses on the policies issued during that year.

The defendant disallowed the deduction and assessed a deficiency which was paid. Plaintiff filed its claim for refund and instituted this action to recover it.

The issue of law to be determined is whether the plaintiff may deduct from its taxable income any amount for a reserve for possible future losses on the title policies which it issued in the taxable year.

Section 832(b) (1) of the 1954 Code provides that the gross income of an insurance company (such as the taxpayer) shall be

"(A) the combined gross amount earned during the taxable year, from investment income and from underwriting income as provided in this subsection, computed on the basis of the underwriting and investment exhibit of the annual statement approved by the National Convention of Insurance Commissioners * *."

The issue in this case involves only the underwriting income.

Underwriting income is defined in Section 832(b) (3) as meaning *"premiums earned* on insurance contracts during the taxable year less losses incurred and expenses incurred." (Emphasis added.)

Section 832(b) (4) defines premiums earned as follows:

"(4) *Premiums earned.*—The term 'premiums earned on insurance contracts during the taxable year' means an amount computed as follows:

"(A) From the amount of gross premiums written on insurance contracts during the taxable year, deduct return premiums and premiums paid for reinsurance.

"(B) To the result so obtained, add unearned premiums on outstanding business at the end of the preceding taxable year and deduct unearned premiums on outstanding business at the end of the taxable year."

So far as applicable to this case, the foregoing sections provide that from the amount of gross premiums received there may be deducted *unearned premiums* and expenses incurred.

The plaintiff does not urge that the reserve for losses are "expenses incurred". Nevertheless, we have considered the applicable provisions of the 1954 Internal Revenue Code relating to expenses (Section 832(b) (6) and Section 832(c)) and conclude that the amount set aside by plaintiff as a reserve for future losses is not deductible as "expenses incurred".

The plaintiff contends that the reserve is deductible from taxable income as "unearned premiums".

The Internal Revenue Code does not specifically define the term "unearned premiums", and although Section 832(b) (1) refers to the annual statement approved by the National Convention of Insurance Commissioners, that document does not define the term.

It may be presumed that a title insurance company will at some time or other be required to use a portion of its gross premiums for the payment of losses, and that these losses will not necessarily occur in the year in which the premiums are received.

Whether or not a title insurance company would be justified in setting aside a portion of its premiums as a reserve

to meet future losses is not here in question.

The question is when and under what circumstances a title insurance company may deduct such a reserve in computing its taxable income.

Since neither the Internal Revenue Code nor the Annual Statement Approved by the National Convention of Insurance Commissioners defines "unearned premiums", we must look to the case law for guidance.

Although it was held in Early v. Lawyers Title Insurance Corporation, 132 F. 2d 42 (4th Cir.) that premiums required by state statute to be reserved for future losses were "unearned" and deductible, no case has been called to our attention which holds that a voluntary reserve of premiums to cover future losses are "unearned" and deductible.

To the contrary the Court stated in the Early case (supra):

"Appellant is undoubtedly correct in the position that ordinarily a premium paid for title insurance is to be treated as fully earned when received. American Title Co. v. Commissioner of Internal Revenue, 3 Cir., 76 F.2d 332; Huebner on Property Insurance, p. 493. And, in the absence of the Virginia statute relied on by the company, we should feel constrained to hold that no part of the premiums received for title insurance could be treated as 'unearned' within the meaning of the section of the Revenue Act above quoted."

This Court will adopt that statement as the law of this case.

There is no Colorado statute requiring title insurance companies to set aside any portion of premiums received as a reserve to meet future losses. Therefore, this Court holds that the premiums reserved by the plaintiff for future losses are not unearned premiums within the meaning of the 1954 Code and are not deductible in computing taxable income.

Plaintiff further contends that such a holding deprives the taxpayer of equal protection of the laws under the United States Constitution, because the application of the federal tax is dependent upon state law or state administrative regulation.

The Court finds no merit in this contention. Although some states may require a reserve and other states may not, the federal tax laws as construed by this Court would apply upon the same classes of persons equally. In other words, all title insurance companies where state law requires the reserve would be treated the same, and all title insurance companies operating under state laws which do not require the reserve would also be treated equally.

IT IS THEREFORE ORDERED that the motion for a summary judgment be and the same is hereby granted, and judgment is hereby entered in favor of the defendant and against the plaintiff and the defendant shall have his costs to be taxed by the Clerk of this Court.